# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **GARY EUGENE WALKER,** | * | |
| **(# 145517)** | * | |
|     Petitioner | * | |
| | * | |
| vs. | * | CIVIL ACTION NO.12-00732-CB-B |
| | * | |
| **GARY HETZEL,** | * | |
|     Respondent. | * | |

## Report and Recommendation

Gary Eugene Walker, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004).

Having carefully considered Walker's petition and Respondent's answer, the undersigned finds that Walker's petition is untimely, and that equitable tolling is not appropriate. Accordingly, it is recommended that Walker's habeas petition be dismissed as time-barred, that judgment be entered in favor of Respondent and against Petitioner, Gary

Eugene Walker, pursuant to 28 U.S.C. § 2244(d), and that Walker is not entitled to the issuance of a certificate of appealability, and consequently, is not entitled to appeal *in forma pauperis*[1].

I.  **Discussion**

On December 2, 1986, Walker was convicted of capital murder and was sentenced to life imprisonment without the possibility of parole. (Doc. 22 at 1).  On direct appeal to the Alabama Court of Criminal Appeals, Walker challenged the trial court's

---

[1] Also pending before the Court are several motions filed by Walker (Docs. 19, 20, 21, 26, 28, 29, 30, 31, 32, 33, 34). Walker's Motion to Transfer (Doc. 19), Motion for a Subpoena (Doc. 21), Motion to be put in Federal Custody (Doc. 28), Motion for records and documents (Doc. 30), Motion for a Jury Trial (Doc. 31), and Motion for Summons (Doc. 34) are all DENIED, in light of this recommendation. Walker's Motion to Amend (Doc. 20) is GRANTED in part, to the extent that Walker requests to amend his petition to include additional facts and DENIED in part, to the extent that Walker requests that this Court order an FBI investigation. Walker's Motion to Amend his habeas petition with a destruction of evidence claim (Doc. 32) is DENIED because his petition is untimely, and he failed to exhaust this claim.

Walker's Motions for a Hearing (Docs. 29, 33) are DENIED. The Court has conducted a thorough review of the record and finds that no evidentiary hearing is necessary. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004).

Finally, Walker's Motion to Appoint Counsel (Doc. 26) is DENIED. Habeas corpus is civil in nature and is not part of criminal proceedings. Pennsylvania v. Finley, 481 U.S. 551, 557, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1985).  As such, there is no constitutional right to appointment of counsel in a federal habeas corpus matter. McCleskey v. Zant, 499 U.S. 467, 495, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Appointment of counsel in a habeas corpus proceeding may be appropriate when the interests of justice so require. See 18 U.S.C. § 3006A; 28 U.S.C. § 1915(e)(1).  A review of Walker's petition reveals no exceptional circumstances that would warrant the appointment of counsel.  Thus, the motion is denied.

admittance of pretrial identification evidence. (Id., at 1-2). On January 26, 1988, in a published opinion, the Alabama Court of Criminal Appeals affirmed Walker's convictions and upheld the trial court's ruling. Walker v. State, 523 So. 2d 528 (Ala. Crim. App. 1988). The Alabama Supreme Court denied Walker's petition for writ of certiorari on April 29, 1988. (Doc. 22 at 2).

Subsequently, Walker filed "at least" six petitions for relief under Rule 32. (Id.). Walker filed his first Rule 32 petition on June 20, 1988 and upon denial, a certificate of judgment was issued on August 18, 1989. (Id.). His second Rule 32 petition was filed on September 19, 1989 and upon denial, a certificate of judgment was issued on June 19, 1990. (Id.). He filed his third Rule 32 petition on January 18, 1995 and upon denial, a certificate of judgment was issued of judgment on November 17, 1995. Walker did not file his fourth Rule 32 petition until October 19, 2005 and when it was dismissed as untimely, a certificate of judgment was issued on May 12, 2006. (Docs. 22-3, 22-4, 22-5). Walker's fifth Rule 32 petition was filed on February 15, 2007 and after the Alabama Court of Criminal Appeals dismissed it as untimely, successive, and meritless, the Alabama Supreme Court affirmed the dismissal and issued final judgment on March 14, 2008. (Doc. 22-10). Walker filed his sixth Rule 32 petition on June 18, 2008 and it was

3

dismissed as untimely on January 25, 2011. (Doc. 22-15).

In addition, Walker filed a motion requesting DNA testing on May 30, 2010. (Doc. 22-12 at 2-3). On February 11, 2011, Counsel with Georgia Innocence Project appeared on Walker's behalf. Subsequently, on January 13, 2013, Counsel requested to withdraw because "[u]pon complete investigation, the Georgia Innocence Project (GIP) determined that it cannot pursue Defendant's Motion for Post-Conviction DNA...GIP will withdraw from a case should it at any time determine that the case does not meet its requirements." (Doc. 22-14 at 2). Walker's DNA petition is still pending in the trial court. (Doc. 22-16).

On November 30, 2012[2], Walker filed the instant habeas petition challenging his conviction and sentence. (Doc. 1). Specifically, Walker claims that the trial court failed to rule on his DNA petition, that the evidence in his case was stolen, that over two years have past since he filed his DNA petition, and that his original trial lawyer from 1988 has been twice suspended from practicing law. (Doc. 1 at 7-9). Respondent argues that Walker's petition should be dismissed because his DNA petition remains pending; thus his claim regarding DNA is unexhausted. Additionally, Respondent argues that Walker's

---

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

4

instant habeas petition is untimely because it was filed outside of the statute of limitations. (Doc. 22 at 5). The undersigned agrees.

## II. Analysis

### A. Untimely Filed

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The AEDPA, a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." [3] The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was

---

[3] Section 2254 was amended by the AEDPA, which became effective April 24, 1996. Henderson v. Campbell, 353 F.3d 880, 890 (11th Cir. 2003). Since Walker filed this petition on November 30, 2012, this action is governed by AEDPA.

5

> initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

Walker has not alleged that the government impeded the filing of his 2254 motion or that a retroactive new constitutional right exists in his case. Accordingly, the Court will calculate the timeliness of his petition from the date Walker's conviction became final.

For prisoners convicted prior to the enactment of the AEDPA, the statute of limitations is considered to run from the Act's effective date of April 24, 1996. Drew v. Dep't of Corrections, 297 F.3d 1278, 1283 (11th Cir. 2003); Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1085, 120 S. Ct. 811, 145 L. Ed. 2d 683 (2000). In other words, for habeas petitions filed by inmates convicted prior to AEDPA's enactment date, the one-year statute of limitation expires on April 23, 1997. Walker's conviction became final on

6

April 29, 1988, when the Alabama Supreme Court denied his petition for review of the Court of Appeals' decision to uphold his conviction and sentence on direct appeal. However, as noted above, for habeas petitions filed by inmates convicted prior to AEDPA's enactment date, the one-year statute of limitation expires on April 23, 1997. Because Walker did not file the instant habeas corpus petition until November 30, 2012, over fifteen (15) years after the expiration of the statutory period, his petition is untimely and must be dismissed unless he demonstrates that he is entitled to equitable tolling.

Section 2244(d)(2) of the AEDPA tolls the limitations period for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). See In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). Although Walker filed three Rule 32 petitions, which were pending from 1988 through 1995, all three were filed and dismissed prior to the ADEPA's effective date of April 24, 1996; thus, his first three petitions have no tolling effect. In addition, his fourth Rule 32 petition was not filed until October 19, 2005; thus, it had no tolling effect because the limitations period had already expired in 1997. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-

year period of limitation] in order to toll the limitations period. A state-court petition...that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Id.; see also Tinker v. Moore, 255 F.3d 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.") (citation omitted). Accordingly, Walker's fourth Rule 32 petition, filed in October 2005, did not toll the limitations period because the limitations period had already expired by the time the fourth petition was filed. The same holds true with respect to the Rule 32 petitions that Walker filed in 2007 and 2008. As a result, there was no tolling of the limitations period.

### B. Extraordinary Circumstances

Before recommending dismissal of Walker's petition for habeas relief as untimely, the undersigned must determine whether Walker has pled extraordinary circumstances that require a contrary conclusion. Unless Walker can demonstrate the

8

existence of extraordinary circumstances justifying equitable tolling, his habeas petition must be dismissed as untimely.

The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); see also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998) ("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y of Dep't. of Corrections, 259 F.3d

1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080 (2002); Drew, 297 F.3d at 1286-87.

Walker does not identify any extraordinary circumstances, which restricted his ability to timely file this petition by April 24, 1997. In fact, Walker has failed to proffer any facts to explain his untimely filing. Thus, the Court finds no evidence that indicates unavoidable circumstances beyond Walker's control that made it impossible for him to file this action within AEDPA's time limit.

Walker's only argument for equitable tolling is that he is "an innocent man" and that this Court should order DNA testing because his state court petition for DNA testing remains pending. (Doc. 12 at 26). To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995); see also Id., 513 U.S. at 327 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). Walker has not presented actual exculpatory DNA evidence of innocence; rather, he seeks permission to search for actual evidence of

10

innocence. Thus, all Walker has done is "make the broad conclusory argument that such testing may exculpate him," and such conclusion is insufficient because exculpatory evidence does not exist at this time. See Id. As such, Walker has failed to come forward with new and reliable evidence. Therefore, this is not one of those rare cases where the actual innocence exception would act to excuse Walker's untimely filing such that this Court should reach the merits of Walker's claim. Thus, Walker's petition is due to be dismissed as untimely.

Finally, Respondent argues that if Walker's petition is not dismissed as untimely, this court should refrain from ruling on the petition because it contains an unexhausted claim. (Doc. 22 at 15). Specifically, Respondent argues that Walker has not exhausted his state court remedies because he has a motion for DNA testing pending in the state court. (Id.). Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (federal habeas relief is available to state prisoners only after they have exhausted their claims in state court). An applicant for federal habeas relief has not exhausted his state remedies if he has the right

11

under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Here, there is no question that Walker has failed to exhaust his remedies with respect to his claim for DNA testing, since his motion for DNA testing is still pending in state court. However, even if this action was stayed while the state court considers Walker's DNA testing claim, his habeas petition would still be untimely because once the limitations clock has expired, it cannot be restarted. See Webster, 199 F.3d at 1259 ("A state-court petition...that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.")

### **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a

12

constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336,

13

123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Walker's petition does not warrant the issuance of a certificate of appealability as his claims are clearly time-barred because he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner or to present evidence of actual innocence. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Walker's petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

**III. Conclusion.**

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Walker's petition for habeas corpus be dismissed with prejudice as time-barred and that judgment be entered in favor of the Respondent, Gary Hetzel, and

14

against the Petitioner, Gary Eugene Walker. It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L. R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **8th** day of **April, 2014.**

                                            **/s/ SONJA F. BIVINS**
                                            **UNITED STATES MAGISTRATE JUDGE**