# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| GARY EUGENE WALKER, | ) | |
|---|---|---|
| (# 145517), | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | CIVIL ACTION NO. |
| | ) | 12-00732-CB-B |
| v. | ) | |
| | ) | |
| GARY HETZEL, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (Doc. 35) and on Petitioner's Objections thereto (Doc. 37). The Magistrate Judge recommends that this habeas petition be dismissed as time barred because it was not filed within one year of the date judgment became final and there equitable tolling does not apply  In his objection, Petitioner argues that the Magistrate Judge used the wrong triggering date for the limitations period. Rather than measuring the one-year period from the date judgment became final as required by 28 U.S.C. § 2244(d)(1)(A), Petitioner contends that the limitations period should be measured based on § 2244(d)(1)(D). Under that subsection, the period begins to run on "the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Due diligence requires that Petitioner "must show some good reason why he or she was unable to discover the facts supporting the motion before filing the first

habeas motion." *In re Boshears*, 110 F.3D 1538, 1540 (11th Cir. 1997) (defining due diligence in context of second or successive petition); *accord Melson v. Allen*, 538 F.3d 983 (11th Cir. 2008) (applying *Boshears* due diligence definition to 2244(d)(1)(D)), *rev'd on other grounds*, 560 U.S. __, 130 S.Ct. 2549 (2010). A mere allegation that Petitioner did not know about the claims earlier is not sufficient. *Id.* Here, Petitioner points to two new pieces of evidence that he has recently obtained, but he has failed to explain why this evidence could not have been discovered earlier.[1]

In sum, Petitioner's objection has no merit. As the Magistrate Judge correctly concluded, the one-year limitations period began to run on the date judgment became final, 28 U.S.C. § 2244(d)(1)(A), and, thus, the petition is time barred. Therefore, after *de novo* review, the Court hereby **OVERRULES** Petitioner's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation.

**DONE** and **ORDERED** this the 28th day of April, 2014

                                                  **s/***Charles R. Butler, Jr.*
                                                  **Senior United States District Judge**

---

[1] The first piece of evidence is a letter from the Alabama Bar Association dated March 31, 2014, confirming that Petitioner's trial attorney, Vader Al Pennington, has been disciplines 11 times since 1991, including two suspensions, and ending with disbarment in 2010. Clearly, Mr. Pennington's status has been a matter of public record since at least 2010. The second is a supplemental forensics report dated June 18, 1986, providing analysis of a palm print submitted to the laboratory for identification and identified as Petitioner's. Petitioner states that he obtained a copy of this document in July 2013 from attorneys who represented him in his state court DNA discovery motion. Petitioner, has provided no explanation as to why he could not have obtained this evidence through discovery at some earlier stage of the state court proceedings, such as one of his six Rule 32 petitions.